LEHAN, Judge.
The state appeals an order granting the defendant’s motion to suppress evidence seized from defendant’s apartment. We reverse.
The officers in this case were investigating a burglary. The victim of the burglary had reported to the police that she had found two items of her stolen property behind defendant’s apartment. The two police officers, one in uniform and one in plainclothes, knocked on defendant’s door and, when defendant answered, said that they would like to come in and talk to him. Defendant asked, “Why?” He was told that the officers were investigating “an incident that occurred in a nearby apartment, and it would be a little bit more private if we could come inside the apartment.” Defendant invited the officers in.
Inside the apartment the officers saw a bookcase which appeared to be one of the stolen items. The bookcase was in plain view just inside the door. The officers told defendant that they were investigating a burglary and had reason to believe that stolen articles might be found in his apartment. They asked defendant if they could go through his apartment, and defendant said yes. The officers explained to defendant a “Consent to Search” form, which defendant then signed. Upon searching, the officers found other items matching the list of stolen items.
The defendant moved to suppress the articles taken from his apartment on the grounds that the entry into his apartment was without a warrant and that the police did not obtain defendant’s consent to a search until “after entering and discovering suspected stolen property.” The trial court granted the motion to suppress, stating that (1) before entering the apartment the officers had probable cause and ample opportunity to obtain a warrant, and (2) the state had failed to show that defendant’s consent was not the result of the illegal police activity in entering the house without a warrant, citing Norman v. State, 379 So.2d 643 (Fla.1980).
As to the failure to obtain a warrant, consent to a search is a well-established exception to the warrant requirement. See Schneckloth v. Bustamonte, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973); Norman v. State, 379 So.2d at 646. Because the officers had obtained defendant’s consent to enter, their entry was not illegal police activity which would taint the later consent to a search.
As to the consent to entry, the evidence does not show that the defendant was coerced or misled by the officers. The officers told him that they were investigating an incident at a nearby apartment, which was true. The defendant did not ask for any further information and invited the officers inside.
As to the consent to search, there was no evidence at all that the consent was *1164 coerced or involuntary. In contrast, in Norman where the defendant’s consent to the search of a barn in which marijuana was stored was found to have not justified the search, the consent had been “fatally infected by [an] illegal intrusion.” 379 So.2d at 646. The consent had been obtained after a deputy told defendant that the sheriff had seen marijuana in the barn. The sheriff had previously, based upon information from a confidential informant whose reliability was not shown, ignored a locked gate, climbed a fence and viewed through a window in the bam what appeared to be marijuana.
The motion to suppress should have been denied.
Reversed and remanded for further proceedings consistent herewith.
GRIMES, A.C.J., and SANDERLIN, J., concur.